CLEVENGER, Circuit Judge.
Petitioner Robert W. Best (“Best”) appeals from a decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”) granting remand of his case to the Board of Veterans’ Appeals (“Board”). Best v. Principi, No. 99-1144, — Vet.App. - (Vet.App. March 22, 2001). As the appeal is not sufficiently final for the purposes of our review, we dismiss it.
I
On March 31, 1999, the Board denied Best entitlement to an effective date earlier than July 16, 1990, for a total disability rating for post-traumatic stress disorder. After the Board’s decision issued, Congress enacted the Veterans Claims Assistance Act of 2000 (“VCAA”), Pub.L. No. 106-475, 114 Stat. 2096, which, among other things, revised the Secretary’s duty to assist veterans. The Secretary subsequently requested that Best’s appeal be remanded to the Board for readjudication pursuant to the VCAA. Best agreed that *945 his case should be remanded to enable the Board to readjudicate his claim. However, Best urged the Veterans Court to adjudicate his claims of error in the 1999 Board decision before remand of the case. On March 22, 2001, the Veterans Court issued a remand order, directing the Board to give Best the benefit of the new statute in its readjudication. The Veterans Court did not specifically order the Board to address the deficiencies alleged by Best, nor did it limit readjudication to the issues raised by the agency in its motion for remand. Best appeals.
II
This court generally refuses to review non-final decisions of the Veterans Court. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
“(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings; (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.”
Id. at 1364 (footnotes omitted).
At oral argument, Best conceded that if the Board recommits the alleged errors in its 1999 decision, Best will be free to return to the Veterans Court and assert such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, will survive the remand. In addition, Best will be able to challenge the whole of the Board’s readjudication of his claim. Since Best fails the test of Williams, we cannot decide this appeal on its merits.
CONCLUSION
For the above reasons the appeal is not sufficiently final for the purposes of our review, as was the case in Williams, and is therefore dismissed.