ORDER

GAJARSA, Circuit Judge.
Robert D. Temps moves to stay proceedings pending resolution of Hale v. Principi, 01-7083, 2002 WL 535811 (Fed. Cir.2002) and Best v. Principi, 01-7084, 30 Fed.Appx. 944, 2002 WL 252767 (Fed.Cir. 2002). The Secretary of Veterans Affairs opposes and moves to dismiss Temps’ appeal because he has appealed from a nonfinal order. Temps responds. The Secretary replies.
On September 9, 1999, the Board of Veterans’ Appeals denied Temps’ claim of service connection for thrombophlebitis and remanded another claim. Temps appealed the Board’s decision to the United States Court of Appeals for Veterans Claims, which took jurisdiction over the thrombophlebitis claim. The Secretary moved for remand based on the retroactive provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. Temps agreed that his case should be remanded, but not “based exclusively upon the VCAA and without consideration of the legal errors he asserted in his brief.” The Court of Appeals for Veterans Claims concluded that, in light of the VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readjudication of Temps’ claims consistent with the VCAA. The Court of Appeals for Veterans Claims declined to consider Temps’ allegations of Board error, noting that “[o]n remand, Mr. Temps is free to submit additional evidence and argument necessary to the resolution of his claim.” There is no indication that Temps sought reconsideration of this decision.
This court generally refuses to review nonfinal decisions of the Court of Appeals *549 for Veterans Claims. Williams v. Principi 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If the Board recommits the alleged errors, Temps will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, will survive the remand. In addition, Temps will be able to challenge the whole of the Board’s readjudication of his claim. Because Temps’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss is granted.
(2) Temps’ motion to stay proceedings is moot.
(3) Each side shall bear its own costs.