DECISION
PER CURIAM.
Edwin O. Ostiie appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans’ Appeals’ (“BVA’s”) denial of his claim for an earlier effective date for his PTSD disability rating, for service connection for hearing loss and tinnitus, and for compensation under 38 U.S.C. § 1151. Ostlie v. West, No. 98-342, slip op., 2000 WL 622882 (Vet.App. Apr.5, 2000). We dismiss his appeal for lack of jurisdiction.
DISCUSSION
Mr. Ostiie served on active duty in the United States Army from December 1943 until February 1946. Id. at 1. In October 1946, he filed a claim for disability compensation for, inter alia, a “Nervous Condition” at the Department of Veterans Affairs (‘VA”) Id. at 2. The VA physician who examined Ostiie rendered a diagnosis of “psychoneurosis (mixed type-mild)” and recommended “psychotherapy at monthly intervals.” Id. The VA physician also tested Ostlie’s hearing and found that to be normal. Id. In April 1947, the VA regional office (‘VARO”) notified Ostiie that his claim for “nervousness” was denied because it determined that his nervous condition was not incurred in or aggravated by service, but it did not notify him of the physician’s diagnosis or recommended treatment. Id. Ostiie did not appeal that decision. Id.
In May 1976, Ostiie filed a claim for disability benefits for bilateral hearing loss and tinnitus due to noise exposure in service. Id. The VARO denied that claim in May 1978 because the most recent hearing test at the time (which was conducted by the original VA physician in 1947) revealed normal hearing. Id. After he unsuccessfully attempted to reopen his claim at the VARO, Ostiie appealed to the BVA in September 1980. Id. The BVA similarly declined to reopen his claim. Id. at 2-3.
In October 1987, Ostiie was diagnosed as having Post Traumatic Stress Disorder (“PTSD”) by a private doctor. Id. at 3. He thereafter filed a claim for service connection for PTSD at the VA and again requested that it reopen his claim for hearing loss and tinnitus. Id. In support of the latter claim, Ostiie filed a statement under 38 U.S.C. § 351 alleging that surgery performed during his most recent visit to a VA medical center caused a “complete loss of hearing,” although some of his hearing had since returned. Id. Ostiie was diagnosed by the VA as having high-frequency hearing loss and post-traumatic anxiety disorder. Id. In September 1989, the VARO granted service connection for PTSD and assigned a disability rating of thirty percent with an effective date of October 1987, but denied his claim for hearing loss in January 1990. Id.
In March 1990, Ostiie argued at the VA that it incorrectly determined that the effective date of the disability rating for PTSD was October 1987, and that the denial of his claim for hearing loss and tinnitus was improper. Id. at 3-4. Ostiie was again examined by another VA physician, who concluded that he suffered from age-related hearing loss, and that while he might have sustained acoustic trauma during the war, “gradual progression of his hearing loss has nothing to do with noise exposure during World War II.” Id. at 4. The VARO denied Ostlie’s claim for hearing loss, and while it increased his rating for PTSD to one hundred percent, it did not alter the effective date of that disability rating. Id.
Finally, in October 1995, Ostiie alleged for the first time at the VA that the 1947 rating decision contained clear and unmis *586 takable error (“CUE”) in that the VARO misstated the psychoneurosis diagnosed in 1947 as generic nervousness, thus precluding him from understanding the nature of the adjudication that had been entered against him. Id. The VARO rejected that claim, and the BVA denied Ostlie’s subsequent appeal. Id.
Ostlie then filed an appeal at the Court of Appeals for Veterans Claims alleging, inter alia, that: (1) because he received no notice that his claim for service connection for PTSD, originally diagnosed as psychoneurosis, was ruled upon in 1947, that claim remains open; (2) the VARO committed CUE by failing to rate his psychoneurosis as service connected; (3) the VA is liable under 38 U.S.C. § 1151 for the damage caused by withholding the psychoneurosis diagnosis and the accompanying recommended treatment in 1947; and (4) his hearing loss is service connected. Id. at 4-5. The court affirmed the decision of the BVA. The court rejected Ostlie’s argument that Ostlie’s 1947 claim for psychoneurosis remained open because he made only one claim, nervousness, for which he received a notice of rejection. Id. at 5. The court rejected Ostlie’s second argument because he had not demonstrated that the correct facts, as they were known in 1947, were not before the VARO. Id. The court similarly rejected Ostlie’s § 1151 claim because it determined that claim to be speculative, and because he failed to demonstrate that he suffered any additional disability as a result of not being informed of the 1947 psychoneurosis diagnosis and recommended treatment. Id. Finally, the court determined that there was a plausible basis in the record for the BVA’s finding that Ostlie’s hearing loss was age-related and thus not service connected. Ostlie timely appealed to this court pursuant to 38 U.S.C. § 7292 (1994).
Ostlie argues on appeal that his 1947 claim for psychoneurosis remains open because the VA never notified him of its ruling. Ostlie also contends that the 1947 VARO decision was the result of CUE because the evidence demonstrated that either his mental condition arose in service or was subject to a presumption of service connection under 38 C.F.R. § 3.309. Ostlie further argues that the court erred by dismissing his § 1151 claim as speculative. Finally, Ostlie argues that it was CUE to deny his claim for service connection for hearing loss because the VA’s determination was not supported by the evidence of record. Ostlie contends that each of the above arguments depends upon the resolution of questions of law, and that therefore this court has jurisdiction to consider them. The Secretary responds that Ostlie’s appeal should be dismissed for lack of jurisdiction because his arguments concern only factual determinations or the application of law to fact.
We disagree with Ostlie’s characterization of the issues raised on appeal as involving questions of law, and therefore conclude that we lack jurisdiction to consider his claims. ' Our jurisdiction to review a decision of the Court of Appeals for Veterans Claims is limited. We may not review “a challenge to a factual determination, or ... a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d) (1994). All of Ostlie’s arguments on appeal involve either issues of fact or issues concerning the application of law to fact.
Ostlie received notice that his claim for nervousness was denied, and therefore his argument that a separate psychoneurosis claim remains open because he never received a rejection for that condition involves only the fact question of whether nervousness is the same condition as psychoneurosis. In any event, if he were correct that his claim remains open, we would have no jurisdiction because his case would not be final. See Williams v. Prin *587 cipi, 275 F.3d 1361, 1363 (Fed.Cir.2002) (explaining that although there is no finality requirement in 38 U.S.C. § 7292(a), one has been imposed “based on prudential considerations”). Similarly, his claim that the 1947 VARO decision was the result of CUE involves merely the factual matter of evaluating the medical evidence relating to his mental condition. Furthermore, Ostlie’s claim that the court erred by dismissing as speculative his § 1151 claim relates solely to factual issues involving whether he was injured by the VA’s withholding of information and the application of § 1151 to those facts. Finally, with regard to his claim for service connection for hearing loss, Ostlie’s arguments relate only to the VA’s evaluation and weighing of medical evidence. Accordingly, we are not empowered to consider those arguments.
We have considered Ostlie’s remaining arguments, and find them to be without merit. Because we lack jurisdiction to hear Ostlie’s claims, we dismiss.