PER CURIAM.
Nicholas J. Webb appeals from a decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”) denying reconsideration of an order of the Veterans Court granting remand of his case to the Board of Veterans’ Appeals (“Board”). Webb v. Principi, 15 Vet.App. 139 (2001). Because the appeal is not sufficiently final for the purposes of our review, we dismiss the appeal.
I
Webb appealed to the Veterans Court from an adverse decision by the Board on his claim for compensation under 38 U.S.C. § 1151 for residuals of a cerebral hemorrhage. He challenged the legal adequacy of the Board’s assessment of pertinent medical evidence. While his appeal was pending before the Veterans Court, the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-75, 114 Stat.2096 (“VCAA”) was enacted. On January 22, 2001, the Department of Veterans Affairs requested that the Veterans Court vacate the Board’s decision and remand Webb’s case to the Board pursuant to the VCAA. Webb agreed that vacating and remanding were appropriate, but argued that the Veterans Court should first decide the issues Webb presented in his appeal before remanding. The Veterans Court rejected Webb’s argument and denied his request for reconsideration of the order remanding his case to the Board. Webb then timely appealed to this court.
II
This court generally refuses to review nonfinal decisions of the Veterans Court. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If errors are committed by the Board on remand, Webb will be free to return to the Veterans Court and challenge such errors. If the alleged previous errors are again committed by the Board, their review will survive the remand. In addition, Webb will be able to challenge the whole of the Board’s readjudication of his claim. Because Webb’s appeal fails the test of Williams, the appeal is not sufficiently *774 final for purposes of our review and is therefore dismissed.
Each side shall bear its own costs.