*475 ON MOTION
LOURIE, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Roland Mayfield’s appeal for lack of jurisdiction or, in the alternative, because he has appealed from a nonfinal order. Mayfield has not responded.
On January 27, 2000, the Board of Veterans’ Appeals denied Mayfield’s claim of service connection for tinnitus as not well grounded along with his claim for an increased rating for achalasia with scarring from esophageal surgery. Mayfield appealed the Board’s decision to the United States Court of Appeals for Veterans Claims. The Secretary moved for remand based on provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096. Without opposing the application of the VCAA, Mayfield agreed that remand was the proper remedy, but affirmatively stated that the matter should be remanded “for reajudication because the Board erred ‘in not recognizing that he had provided a medical nexus opinion [and] in failing to afford him an adequate medical examination.’ ” The Court of Appeals for Veterans Claims concluded that, in light of the VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readjudication of Mayfield’ claims consistent with the VCAA. The Court of Appeals for Veterans Claims declined to consider Mayfield’s allegations of Board error, noting that “[o]n remand, the appellant is free to submit additional evidence and argument” necessary to the resolution of his claim.* Mayfield appealed.
Even assuming that the Court of Appeals for Veterans Claims’ decision were a final and appealable order (see Williams v. Principi 275 F.3d 1361, 1363 (Fed.Cir. 2002)), under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals of Veterans Claims. See Forshey v. Principi 284 F.3d 1335, 1338 (Fed. Cir.2002) (en banc). Mayfield’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The remand order did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Mayfield raise any argument concerning the validity or interpretation of any such provision.
In his informal brief, Mayfield states that the Court of Appeals for Veterans Claims failed to “address the validity of a document submitted as evidence by the DVA [purporting to grant] power of attorney to the Military Order of the Purple Hearts” and failed to decide that a certain statement in the record “is a complete fabrication from start to finish.” Mayfield further asserts that certain x-rays are missing from the record. These allegations are all factual in nature. Mayfield makes no claims concerning constitutional issues or the validity or interpretation of any statutes or regulations. Mayfield’s appeal is therefore not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
*476 (2) The Secretary’s motion to dismiss for lack of jurisdiction is granted.
(3) The Secretary’s alternative motion to dismiss is moot.
(4) Each side shall bear its own costs.

 Citing the absence of a Notice of Disagreement in the record, the Court of Appeals for Veterans Claims concluded that it lacked jurisdiction over a third claim for service connection for an allergic reaction to toxic fumes. Mayfield does not address this issue in his informal brief.