*497 ON MOTION
CLEVENGER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Vincent R. Terio’s appeal because he has appealed from a nonfinal order. Terio opposes. The Secretary replies.*
In several submissions, Terio petitioned the United States Court of Appeals for Veterans Claims for a writ of mandamus to direct the Department of Veterans Affairs (DVA) to send him his monthly disability checks from October 2001 through March 2002. Terio also alleged that the Board of Veterans’ Appeals failed to issue a final decision in his appeal from a 1998 regional office (RO) decision and requested that the Court of Appeals for Veterans Claims “expedite his case before the BVA.” Upon reviewing the evidence, the Court of Appeals for Veterans Claims found that the Secretary “provided the requested relief by issuing the disability compensation checks and sending them to them to [Terio’s] address of record.” Accordingly, the Court of Appeals for Veterans Claims deemed some portions of Terio’s petition moot. As to the portion of Terio’s petition concerning his pending BVA appeal, the Court of Appeals for Veterans Claims ordered the Secretary to provide it with “a response addressing the status of [Terio’s] appeals, if any, that are pending before the BVA.” Without waiting for a response from the Secretary or the issuance of a final judgment, Terio appealed.
In his informal brief, in addition to making arguments concerning his disability checks, Terio asserts that his constitutional rights were violated by his failure to receive a hearing before the BVA with regard to his appeal from the 1998 RO decision referenced in his mandamus petition and with regard to another BVA appeal in which he alleges he was denied a hearing before the RO and the BVA. However, the Court of Appeals for Veterans Claims’ order does not address Terio’s request for mandamus relief pertaining to any BVA appeal. It merely directs the Secretary to provide a status report concerning any of Terio’s pending BVA appeals. This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir. 2002). The review Terio seeks is interlocutory in nature. Under the circumstances of this case, interlocutory review by this court is not warranted.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive Fed. Cir. R. 27© is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.

 The Secretary's motion for an extension of time to file a reply to Terio’s opposition to the Secretary’s motion to dismiss is granted.