ORDER

LINN, Circuit Judge.
Eugene H. Flint moves to dismiss the Secretary of Veterans Affairs’ appeal for lack of jurisdiction. The Secretary opposes and moves to stay proceedings pending the court’s resolution of Patranella v. Principi 03-7025.
On April 4, 2001, the Board of Veterans’ Appeals denied Flint’s claim for compensation under 38 U.S.C. § 1151. Flint appealed the Board’s decision to the United States Court of Appeals for Veterans Claims arguing for remand on the grounds that the Department of Veterans Affairs breached its duty to assist pursuant to 38 U.S.C. § 5103A and the Board failed to provide an adequate statement of reasons or bases in support of its decision in that it failed to discuss the notice provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat 2096 (Nov. 9, 2000). The Secretary urged affirmance of the Board’s decision. In several statements in his brief before the Court of Appeals for Veterans Claims, the Secretary asserted that even if error did occur (i.e., the failure to provide Flint with proper notice as required by the VCAA), the error was harmless. On a single page, the Secretary cited 38 U.S.C. § 7261(b) with a parenthetical advising that the Court of Veterans Claims “shall take due account of the rule of prejudicial error.”
*593 The Court of Appeals for Veterans Claims vacated the Board’s decision and remanded, concluding that:
[T]he Board erred when it failed to address in its April 2001 decision the notice requirements in 38 U.S.C. § 5103(a).... Accordingly, the Court will vacate the BVA decision and remand the matter for readjudication; on remand, the Board must provide an adequate statement of reasons or bases for its decision, discussing all potentially applicable laws and regulations, particularly the VCAA notice provisions.
(Emphasis in original.) The Secretary appealed.
The Secretary argues that the Court of Appeals for Veterans Claims failed to take “due account of the rule of prejudicial error in deciding to remand a claim for further notice pursuant to 38 U.S.C. § 5103(a), where findings in the administrative record indicate that further notice would be of no advantage to Mr. Flint.” The parties debate the extent to which the Secretary raised any issue concerning 38 U.S.C. § 7261(b)(2) concerning the rule of prejudicial error, and the decision on appeal does not expressly address this issue. At the most, Flint argues, “the Secretary’s brief merely argued the application of 38 U.S.C. § 7261(b) to the facts of the appeal in the proceedings below.” We agree.
Even assuming that the Court of Appeals for Veterans Claims’ decision were a final and appealable order (see Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002)), under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals of Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Assuming, arguendo, that any issues concerning 38 U.S.C. § 7261(b)(2) were sufficiently briefed and argued before the Court of Appeals for Veterans Claims, those issues were limited to the application of the statute. The Court of Appeals for Veterans Claims implicitly rejected any contention that harmless error had occurred before the Board when it concluded: “Although the appellant may have received all the assistance and notification required under pre-VCAA law, it is not for the Secretary or this Court to predict what evidentiary development may or may not result from the additional notice required by the VCAA.”
Absent constitutional issues, this court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to facts of a particular case.” 38 U.S.C. § 7292(d)(2). The Court of Appeals for Veterans Claims neither expressly nor impliedly interpreted 38 U.S.C. § 7261(b)(2). Rather, based on its review of the facts before it, the Court of Appeals for Veterans Claims could not say that the errors before the Board were indeed harmless.
The Secretary’s appeal does not satisfy any of the statutory grounds for invoking this court’s jurisdiction and, therefore, the Secretary’s appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Flint’s motion to dismiss for lack of jurisdiction is granted.
(2) The Secretary’s motion to stay is moot.
(3) Each side shall bear its own costs.