**Luther WILLIAMS, Jr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7102.**

United States Court of Appeals, Federal Circuit.

Jan. 4, 2002.

Luther Williams, Jr., of Jackson, Mississippi, pro se.

Joseph Trautwein, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice of Washington, DC, for respondent-appellee. Of counsel were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director.

Before BRYSON, LINN, and DYK, Circuit Judges.

ON MOTION

DYK, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to dismiss Luther Williams, Jr.'s appeal

because he has appealed from a nonfinal order. Williams has not responded. Because we conclude that the decision of the Court of Appeals for Veterans Claims is not sufficiently final for purposes of our review, we grant the Secretary's motion to dismiss.

## Background

On February 2, 2000, the Board of Veterans' Appeals denied Williams's claims for service connection for numerous medical and psychiatric conditions as not well grounded, denied his claim for service connection for a dental disability, determined he had not filed timely appeals of two 1979 rating decisions, and determined that new and material evidence had not been presented with respect to service connection claims for several other medical conditions that had been previously and finally disallowed. Williams appealed to the United States Court of Appeals for Veterans Claims. The Secretary moved for partial remand based on the retroactive provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106–475, 114 Stat. 2096. Williams opposed. The Court of Appeals for Veterans Claims vacated the Board's decision, concluding that "a remand [of the entire case] is ... indicated to provide an opportunity for readjudication of these claims in light of the VCAA." The Court of Appeals for Veterans Claims further noted that "[o]n remand, the appellant will be free to submit additional evidence and argument (including any argument he has tried to present here on appeal) on the remanded claims."

In his informal brief to this court, Williams challenges the remand, asserting that the Court of Appeals for Veterans Claims should have decided his case on the merits without remand. The Secretary argues that we lack jurisdiction to hear Williams's appeal because the decision of the Court of Appeals for Veterans Claims is not a final appealable order. For the reasons discussed below, we dismiss the appeal.

## Discussion

■ Unlike the statutory provision that gives this court jurisdiction over an appeal from a district court's "final decision" in a case arising in whole or in part under the patent laws, the statutory provision that gives this court jurisdiction over a decision of the Court of Appeals for Veterans Claims does not expressly premise appellate review on the finality of that decision. *Compare* 28 U.S.C. § 1295(a)(1) (conferring jurisdiction on the Court of Appeals for the Federal Circuit over "of an appeal from a final decision of a district court ...") *with* 38 U.S.C. § 7292(a) ("After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision....").

■ However, in appeals from the Court of Appeals for Veterans Claims, we have nonetheless "generally declined to review non-final orders of the Veterans Court." *Adams v. Principi,* 256 F.3d 1318, 1320 (Fed.Cir.2001); *see Allen v. Principi,* 237 F.3d 1368, 1372 (Fed.Cir. 2001); *cf. Copelands' Enters., Inc. v. CNV, Inc.,* 887 F.2d 1065, 1067 (Fed.Cir. 1989) (en banc) ("While section 1295(a)(4) does not expressly premise appellate review on the finality of the [Trademark Trial and Appeal] Board's decision ... the [Court of Customs and Patent Appeals], when faced with the issue, regularly held that finality was required to appeal."). Such a finality requirement is based on prudential considerations. *See Copelands' Enters.,* 887 F.2d at 1067 (noting that the Court of Customs and Patent Appeals' adoption of the finality rule "seems to have been bottomed on prudential consider-

ations [and] finds strong support both in the tradition of the federal courts system ... and in sound public policy"). The finality requirement "serves the important purpose of promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). The rule "emphasizes the deference that appellate courts owe to the trial judge" and reduces harassment of opponents and the clogging of the courts through successive appeals. *Id.*

This court typically will not review remand orders by the Court of Appeals for Veterans Claims "because they are not final judgments." *Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997); *see also Adams,* 256 F.3d at 1320 ("[R]emand orders from the Veterans Court ordinarily are not appealable because they are not final."). The requirement of finality serves to avoid "unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot Corp. v. United States,* 788 F.2d 1539, 1543 (Fed.Cir.1986).

We have not, however, applied the strict traditional finality rule in these cases, that is, we have not held that "an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute [the] judgment.'" *Id.* at 1542 (quoting *Firestone,* 449 U.S. at 373, 101 S.Ct. 669).

Our cases establish that we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue[1] that (a) is separate from the remand proceedings,[2] (b) will directly govern the remand proceedings[3] or, (c) if reversed by this court, would render the remand proceedings unnecessary;[4] (2) the resolution of the legal issues must adversely affect the party seeking review;[5] and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.[6]

The remand order in this case does not satisfy any of these criteria. First,

---

1. *See, e.g., Caesar v. West,* 195 F.3d 1373, 1375 (Fed.Cir.1999) (declining to exercise jurisdiction over a remand order because the issue raised by the appellant "was obviously not resolved by the remand decision").

2. *Id.* (noting that a factor in determining the appealability of a remand order is whether the order resolved an important issue completely separate from the merits of the action).

3. *See, e.g., Dambach v. Gober,* 223 F.3d 1376, 1379 (Fed.Cir.2000) ("We do have jurisdiction, however, when there is a statutory interpretation that will affect the remand proceeding and that legal issue might evade our future review.").

4. *See, e.g., Adams,* 256 F.3d at 1321 (exercising jurisdiction where the veteran asserted the right to a judgment without remand proceedings).

5. *See, e.g., Allen,* 237 F.3d at 1373 ("[T]he Veterans Court's order ... will unquestionably affect the remand proceeding, as the Veterans Court's erroneous interpretation of the statute, on which it plainly relied, completely precludes Allen from using his alcohol abuse disability to increase his rating level.").

6. *See Grantham v. Brown,* 114 F.3d 1156, 1159 (Fed.Cir.1997) ("An exception to this rule [of finality] does exist when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation."); *Adams,* 256 F.3d at 1321 ("The remand order in this case is appealable only because the remand deprives Mr. Adams of his claimed right to a decision in his favor on the record as it now stands and might result in that issue becoming moot after further proceedings in the Board of Veterans' Appeals.").

there has been no clear and final decision on a legal issue; the Court of Appeals for Veterans Claims has merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues by the Court of Appeals for Veterans Claims. Under our recent decision in *Adams* (interpreting the scope of the Court of Appeals for Veterans Claims' authority to remand for further proceedings), the Court of Appeals for Veterans Claims has authority to remand for further consideration of the legal issues or for clarification of the facts underlying the legal issues. Second, whatever legal rulings may have been made by the Court of Appeals for Veterans Claims are not adverse to Williams because that court ruled that the VCAA might require that the veteran's claims be judged under a more veteran-friendly rule. Finally, there has been no showing that any legal ruling would be mooted by the remand. Unlike *Adams*, there is no colorable claim here that there was a right to avoid a remand, *Adams* having rejected this very claim.

Williams's basic contention here is that remand proceedings are unnecessary and burdensome, but that does not render the interim decision of the Court of Appeals for Veterans Claims sufficiently final for purposes of our review.

Accordingly,

IT IS ORDERED THAT:

The Secretary's motion to dismiss is granted.