ORDER

GAJARSA, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Everett C. Mahl’s appeal because he has appealed from a nonfinal order. Mahl moves for leave to file a response out of time, with response attached. The Secretary replies. Mahl moves without opposition for leave to file a surreply, with surreply attached.
On July 30, 1999, the Board of Veterans’ Appeals denied Mahl’s claim for entitlement to a rating in excess of 10% for post-traumatic stress disorder and for total disability rating based on individual unemployability. Mahl appealed the Board’s decision to the United States Court of Appeals for Veterans Claims and the Secretary moved for remand based on the retroactive provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. Mahl agreed that his case should be remanded, but argued that such remand should be for the purpose of correcting Board errors unrelated to the VCAA. The Court of Appeals for Veterans Claims concluded that, in light of the VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readjudication of Mahl’s claims consistent with the VCAA. The Court of Appeals for Veterans Claims declined to consider Mahl’s allegations of Board error, noting that “each of appellant’s additional arguments may be presented to the Board on remand and in the event this appeal should return to the Court, the Court would be in a better position to review the issues after receiving the benefit of the Board’s analysis.” Mahl moved for reconsideration, arguing that the Court of Appeals for Veterans Claims should have ruled on his allegations of Board error. A majority of the panel denied Mahl’s motion for reconsideration and Mahl appealed.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Mahl will be free to return to the Court of Appeals for Veterans *548 Claims and challenge such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, will survive the remand. In addition, Mahl will be able to challenge the whole of the Board’s readjudication of his claim. Because Mahl’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Mahl’s motion for leave to file his response out of time is granted.
(4) Mahl’s motion for leave to file a surreply is granted.
(5) Each side shall bear its own costs.