ORDER

GAJARSA, Circuit Judge.
The Secretary of Veterans Affairs moves to dismiss Walter A. Murray, Jr.’s appeal because he has appealed from a nonfinal order. Murray responds. Murray renews his motion to stay proceedings pending resolution of Airington v. Principi 01-7075, 2002 WL 539088 (Fed.Cir.2002). Murray states that the Secretary opposes.
On September 30, 1998, the Board of Veterans’ Appeals, inter alia, denied Murray’s claim for service connection for post-traumatic stress disorder. Murray appealed this portion of the Board’s decision to the United States Court of Appeals for Veterans Claims, seeking a remand addressing alleged Board error including the Board’s purported failure “to notify him, pursuant to 38 U.S.C. § 5103, of what evidence was necessary to complete his application.” The Court of Appeals for Veterans Claims vacated the Board’s decision and remanded for readjudication of Murray’s case in accordance with the ret *550 roactive and potentially veteran-friendly provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. The VCAA, among other things, clarifies the duty to notify and assist veterans in compiling required evidence under amendments to 38 U.S.C. § 5103 and the addition of 38 U.S.C. § 5103A.
The Court of Appeals for Veterans Claims declined to consider Murray’s allegations of Board error unrelated to the VCAA, noting that “[o]n remand the Board is not limited to ensuring compliance with the VCAA. Rather, the appellant is free to proffer to the Board the additional arguments raised here, and the Board must address them.” Murray moved for reconsideration, arguing that the Court of Appeals for Veterans Claims should have ruled on his additional allegations of Board error. The panel denied Murray’s motion for reconsideration and Murray appealed.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Murray will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1998 Board decision, if repeated, will survive the remand. In addition, Murray will be able to challenge the whole of the Board’s readjudication of his claim. Because Murray’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss is granted.
(2) Murray’s motion to stay proceedings is moot.
(3) Each side shall bear its own costs.