ORDER

GAJARSA, Circuit Judge.
Valorie L. Picolet moves to stay proceedings pending resolution of Airington *551 v. Principi, 01-7075, 2002 WL 539088 (Fed.Cir.2002). The Secretary of Veterans Affairs opposes and moves to to dismiss Picolet’s appeal because she has appealed from a nonfinal order. Picolet responds. The Secretary replies.
On March 23, 1999, the Board of Veterans’ Appeals denied Picolet’s claim of service connection for a psychiatric disorder, to include post-traumatic stress disorder. Picolet appealed the Board’s decision to the United States Court of Appeals for Veterans Claims, seeking a remand addressing alleged Board error. The Court of Appeals for Veterans Claims vacated the Board’s decision and remanded for re-adjudication of Picolet’s case in accordance with the retroactive and potentially veteran-friendly provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. The Court of Appeals for Veterans Claims declined to consider Picolet’s allegations of Board error, noting that there was an “insufficient basis for review” at the time, and that “[t]he appellant will be free to raise these arguments on remand [and] will be free to submit additional evidence and argument on the remanded claim[.]” There is no indication that Picolet moved for reconsideration of this order.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Picolet will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, will survive the remand. In addition, Picolet will be able to challenge the whole of the Board’s readjudication of her claim. Because Picolet’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss is granted.
(2) Picolet’s motion to stay proceedings is moot.
(3) Each side shall bear its own costs.