ON MOTION
GAJARSA, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Harold L. Airington, Jr.’s appeal because he has appealed from a nonfinal order. Airington opposes. The Secretary replies.
On February 25, 1999, the Board of Veterans’ Appeals denied Airington’s claim for entitlement to service connection for post-traumatic stress disorder. Airington appealed to the United States Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims ordered Airington to show cause why the Board decision should not be vacated and remanded the case for readjudication under the potentially more veteran-friendly standards of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096. Airington opposed remand pursuant to the VCAA as “inappropriate and unnecessary,” instead asking the Court of Appeals for Veterans Claims to vacate and remand the Board’s decision based on “the VA’s failure to afford him the benefit of the presumption of service connection ... [an] issue that must be addressed regardless of the enactment of the VCAA.”
Notwithstanding Airington’s opposition, the Court of Appeals for Veterans Claims *861 held that “a remand is required in order to provide the Board with an opportunity to readjudicate the claim, and to give the appellant the benefit, if any, of the [VCAA].” The Court of Appeals for Veterans Claims further noted:
There is no need for the Court specifically to order the Board to address the deficiencies asserted by the appellant. “A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the [Board] will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well supported decision in this case.” Fletcher v. Derwinski, 1 Vet. App. 394, 397 (1991).
The Court of Appeals for Veterans Claims advised Airington that on remand he would be “free to submit additional evidence and argument necessary to resolution of this claim.” Airington moved for reconsideration, arguing that the Court of Appeals for Veterans Claims should have ruled on his allegations of Board error. The Court of Appeals for Veterans Claims denied Airington’s motion for reconsideration and Airington appealed.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Airington will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, -will survive the remand. In addition, Airington will be able to challenge the whole of the Board’s readjudication of his claim. Because Airington’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27© is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.