LINN, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss James T. Benjamin’s appeal because he has appealed from a nonfinal order. Benjamin responds.
On April 1, 1999, the Board of Veterans’ Appeals denied Benjamin’s claim of entitlement to an increased rating for his service-connected left heel fracture. Benjamin appealed the Board’s decision to the United States Court of Appeals for Veterans Claims and the Secretary moved for remand based on the retroactive provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096. Benjamin agreed that his case should be remanded, but argued that such remand should be for the purpose of correcting Board errors unrelated to the VCAA. The Court of Appeals for Veterans Claims concluded that, in light of the *881 VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readjudication of Benjamin’s claims consistent with the VCAA. The Court of Appeals for Veterans Claims declined to consider Benjamin’s allegations of Board error, noting that “[o]n remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claim, including those arguments presented in his brief before this Court.” Benjamin moved for reconsideration or a panel decision, arguing that the Court of Appeals for Veterans Claims should have ruled on his allegations of Board error. The Court of Appeals for Veterans Claims denied Benjamin’s motions and Benjamin appealed.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Benjamin will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1999 Board decision, if repeated, will survive the remand. In addition, Benjamin will be able to challenge the whole of the Board’s readjudication of his claim. Because Benjamin’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.