ON MOTION
LOURIE, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Viola P. Parker’s appeal for lack of jurisdiction or, in the alternative, because she has appealed from a nonfinal order. Parker has not responded.
On June 16, 1999, the Board of Veterans’ Appeals determined that new and material evidence had not been presented to reopen a previously and finally disallowed claim of service connection for a psychiatric disorder. Parker appealed the Board’s decision to the United States Court of Appeals for Veterans Claims. The Secretary moved for remand based on provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096. The Court of Appeals for Veterans Claims concluded that, in light of the VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readju-dication of Mayfield’ claims consistent with the VCAA. The Court of Appeals for Veterans Claims noted that “[o]n remand, the appellant will be free to submit additional evidence and argument on the remanded claim.” Parker appealed.
Even assuming that the Court of Appeals for Veterans Claims’ decision was a final and appealable order (see Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir. 2002)), under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals of Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Parker’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The remand order did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Parker raise any argument concerning the validity or interpretation of any such provision.
In her informal brief, Parker states only that the Court of Appeals for Veterans Claims erred in “[djenial of my claim,” and that she “want[s] the Secretary of Veteran Affairs to approve my claim for disability payments.” She asks this court to “ap *470 prove my claim” with no reference to constitutional issues or the validity or interpretation of any statutes or regulations. Parker’s appeal is therefore not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss for lack of jurisdiction is granted.
(3) The Secretary’s alternative motion to dismiss is moot.
(4) Each side shall bear its own costs.