PER CURIAM.
Fletcher A. Tippitt appeals from the May 21, 2001, judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”) remanding his ease to the Board of Veterans’ Appeals (“Board”) for further proceedings. Tippitt v. Principi, No. 98-1681, 2000 WL 622892 (Vet.App. Apr. 19, 2000). Because the decision of the Veterans Court is not final, this court lacks jurisdiction, and therefore, Mr. Tippitt’s appeal is dismissed without prejudice.
BACKGROUND
Mr. Tippitt served in the United States Army from October 1950 to August 1952, when he was honorably discharged. The Department of Veterans Affairs (“VA”) Regional Office granted service connection for schizophrenia and arthritis, with an effective date of September 8, 1964, but denied his subsequent requests for an earlier effective date. The Board also denied Mr. Tippitt’s claim for an earlier effective date. On appeal, the Veterans Court held that the claim must be readjudicated because the Board’s decision predated the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096.
Notwithstanding the remand order, and the consequent lack of a final decision of the Veterans Court in this case, Mr. Tippitt argues that he should be given an effective date earlier than the date of his initial claim based upon mental impairment and lack of legal counsel. Mr. Tippitt was first diagnosed with schizophrenia in 1953, but did not file his initial claim for service-connected disability for schizophrenia and arthritis until 1964. The Veterans Court considered this argument to be “unpersuasive” because, for either equitable tolling or equitable estoppel to apply, Mr. Tippitt must have relied to his detriment upon some action or inaction by the VA. The Veterans Court found that the record was void of any evidence indicating that Mr. Tippitt relied detrimentally upon the VA. Mr. Tippitt appeals only the portion of the Veterans Court order concerning equitable tolling and equitable estoppel.
DISCUSSION
This court’s review of Veterans Court decisions is limited to constitutional issues and questions of statutory or regulatory interpretation or validity. 38 U.S.C. § 7292; Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). We do not have authority to review factual determinations or the application of law to particular facts. 38 U.S.C. § 7292(d)(2). In addition, the issue on appeal must have been finally decided by the Veterans Court, and remand decisions by the Veterans Court are not final for review purposes absent three circumstances: “(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.” Williams v. Principi, 275 F.3d 1361, 1364 (Fed.Cir.2002) (footnotes omitted).
In this case, Mr. Tippitt pleads a violation of constitutional right, asserting that the Veterans Court deprived him of a property interest without due process of law, in contravention of the Fifth Amendment, by refusing to apply the doctrine of equitable tolling to 38 U.S.C. § 5110(a). This issue would be mooted by the remand proceedings only in the event the Board agrees with Mr. Tippitt and awards him *412 the effective date he seeks. Otherwise, the remand proceedings will not moot his legal challenge. In the event he is unsuccessful before the Board, he will remain free to bring his challenge to the Veterans Court and to this court after the Board concludes its remand work.
Because this appeal does not fall within the small group of cases in which we will excuse the lack of a final judgment of the Veterans Court as a predicate to the exercise of our jurisdiction, we dismiss this appeal without prejudice.