**Wilburn F. MCLEAN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7096.

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Before MAYER, Chief Judge, LOURIE, and CLEVENGER, Circuit Judges.

## ON MOTION

LOURIE, Circuit Judge.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Wilburn F. McLean's appeal because he has appealed from a nonfinal order. McLean has not responded.

McLean appealed to the Court of Appeals for Veterans Claims from a 2002 Board of Veterans' Appeals decision denying his claim for an earlier effective date. The Secretary moved to vacate the Board's decision and remand on the ground that "the Board did not ensure that the requirements of [the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat.2096] had been met." The Court of Appeals for Veterans Claims granted the Secretary's motion, noting that McLean "having been notified of the Secretary's motion, does not oppose the motion to remand." McLean now appeals.

This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. *Williams v. Principi,* 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:

(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.

*Id.* at 1364 (footnotes omitted).

If on remand the Board recommits any alleged errors, McLean will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, any alleged errors in the 2002 Board decision, if repeated, will survive the remand. In addition, McLean will be able to challenge the whole of the Board's readjudication of his claim. Because McLean's appeal fails the test of *Williams,* the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.