**Kenneth D. DIPPEL, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7097.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 23, 2004.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Kenneth D. Dippel appeals the decision of the United States Court of Appeals for Veterans Claims (CAVC) which vacated and remanded one aspect of a ruling of the Board of Veterans' Appeals (the Board), and affirmed another aspect of the Board's determination. *Dippel v. Principi*, No. 02–409, 2003 WL 722408 (Vet.App. Feb. 26, 2003). Neither aspect is within this court's appellate jurisdiction. The appeal is *dismissed.*

## DISCUSSION

Mr. Dippel served with the United States Navy from July 10, 1985 until July 15, 1986. In August 1988 the Board recognized service connection for his lumbosacral strain, but a Veterans Administration Regional Office then assigned a noncompensable rating for that disability. On October 11, 1989 the Board on appeal granted a disability rating of 10%, observing that the veteran had sought a 20% rating. No request for reconsideration was filed within the requisite 120–day period.

In 1997 the Regional Office granted Mr. Dippel a 20% disability rating effective February 25, 1994, the date he was treated at a VA Medical Center, construing that date as the date of filing an informal claim. Mr. Dippel appealed to the Board, seeking an earlier effective date for the 20% rating and arguing that there was clear and unmistakable error in the October 1989 determination of a 10% rating. The Board denied this claim and Mr. Dippel appealed to the CAVC, raising the additional issue of total unemployability. The CAVC vacated the denial of an earlier effective date for the 20% rating, and remanded to the Board for further development and readjudication. Mr. Dippel appeals this action, invoking our jurisdiction based on issues that he describes as questions of statutory interpretation.

Mr. Dippel states that he seeks our review of only that part of the decision that concerns the effective date, and that the CAVC decision was final as to that aspect. That the CAVC "vacated in part and remanded" does not of itself impart appealability to the unremanded portion of the decision. A remand action is not a final judgment, and thus ordinarily is not appealable. However, there are several exceptions to the finality rule, as explained in *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir.2002):

Our cases establish that we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* at 1364 (citations omitted). None of these exceptions applies.

Mr. Dippel states that the legal issue is the application of 38 U.S.C. 5110(b)(2) instead of 38 U.S.C. 5110(b)(1) to determine the effective date of the 20% rating. Subsection b(1) establishes the effective date of an original claim filed within one year after discharge, and subsection b(2) applies when a new claim is filed. However, the factual question here is the effective date of the rating, which is not a question of statutory interpretation.

The CAVC held that the procedures followed by the Board in 1989 supported that decision; this holding is not subject to our review. The CAVC also held that the Board had not considered all of the evidence, and remanded for that purpose;

this aspect is not appealable. Thus the appeal must be dismissed.

Each party shall bear its costs.