ON MOTION
CLEVENGER, Circuit Judge.

ORDER

Darrell W. Martin submits a “motion for relief from judgement or order,” which the court treats as an out of time motion for reconsideration of the court’s March 29, 2005 order holding Martin’s motion to dismiss the Secretary of Veterans Affairs’ appeal in abeyance on the ground that this *929 case had been stayed pending disposition of Roan v. Nicholson, 04-7093 et al.
We conclude that reconsideration is warranted and Martin’s motion to dismiss should be considered at this time.*
The Court of Appeals for Veterans Claims vacated the Board of Veterans’ Appeals decision at issue and remanded on two grounds in Martin v. Principi, 02-1278. First, the Court of Appeals for Veterans Claims concluded that the notice provided to Martin in earlier proceedings was deficient under the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096, and remand was necessary on that ground. As a second basis for remand, the Court of Appeals for Veterans Claims concluded that “the Board’s summary conclusion that VA had complied with its duty to assist was not supported by an adequate statement of reasons or bases” because there was no record of medical opinion on an issue in Martin’s case.
On appeal, the Secretary asserts that this court should review whether the Court of Appeals for Veterans Claims misinterpreted the notice requirements of the VCAA, i.e., whether the remand based on the first ground was proper. Many cases have been stayed pending Roan, the lead case on that issue. However, because of the existence of the second issue, we agree with Martin that the order is not appeal-able.
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1)there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
The Secretary’s argument fails to satisfy part (l)(c) of the Williams criteria. Even if we agreed with the Secretary that a remand was not necessary based on the first ground, remand would be required on the second ground, ie., to address the Board’s failure to support its conclusion that that the VA had complied with the duty to assist. Under these circumstances, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Martin’s motion for reconsideration is granted.
(2) Martin’s motion to dismiss is granted.
(3) Each side shall bear its own costs.
(4) All remaining motions are moot

 It appears that, contrary to the language in our earlier order, this appeal had not been stayed pending resolution of Roan.