ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Terry L. Carter’s pro se appeal from the United States Court of Appeals for Veterans Claims judgment in Carter v. Nicholson, 02-2283, 2006 WL 2498193, for lack of jurisdiction. Carter opposes and moves (1) to strike the Secretary’s motion, (2) to close briefing, and (3) for summary reversal. The Secretary replies.
Carter appealed to the Court of Appeals for Veterans Claims, challenging a 2002 decision of the Board of Veterans’ Appeals that denied his entitlement to a disability rating in excess of 40% for his service-connected left diaphragmatic hernia, previously diagnosed as left upper quadrant pain due to fibrosis. On appeal, Carter requested reversal and remand with in *699 structions that the Department of Veterans Affairs assign him a total disability rating, effective from the date of his discharge from the military. The Court of Appeals for Veterans Claims affirmed the Board’s denial of a rating in excess of 40% but remanded for the Board to consider whether the Department’s 1978 decision regarding his initial service-connection claim was nonfinal due to an alleged failure of the Department to issue a Statement of the Case in response to Carter’s Notice of Disagreement.
The Secretary argues that this court lacks jurisdiction because the Court of Appeals for Veterans Claims decision regarding his initial service-connection claim was not final and does not meet the standard for appealability of nonfinal decisions set forth in Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Moreover, the Secretary argues that to the extent that a portion of the Court of Appeals for Veterans Claims decision is final, the court lacks jurisdiction because Carter’s arguments only raise factual issues. We agree.
This court generally does not review nonfinal decisions of the Court of Appeals for Veterans Claims. Departure from this rule is justified only if three conditions' are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted). Those criteria are not satisfied in this case.
If on remand the Board issues an adverse decision regarding whether an earlier effective date should be awarded because the Department’s 1978 decision was nonfinal, Carter may appeal to the Court of Appeals for Veterans Claims and challenge any errors at that time.
To the extent that Carter argues that the Court erred in failing to award him a disability rating award in excess of 40%, such challenges involve factual determinations or applications of law to fact that fall squarely outside of our jurisdiction. 38 U.S.C. § 7292(d)(2).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted.
(2) Carter’s motions are denied.
(3) Each side shall bear its own costs.