ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Steven R. Wilson’s appeal for lack of jurisdiction.
On September 28, 2007, the United States Court of Appeals for Veterans Claims (CAVC) issued a decision in Wilson v. Nicholson, No. 05-3725, 2007 WL *895 2938192, vacating a decision of the Board of Veterans’ Appeals that denied Wilson’s claims for (1) entitlement to compensation for a lumbar spine disorder, a left ear disorder, and a bilateral foot disorder, (2) an increased initial disability rating for another injury, and (3) entitlement to a non-service-connected pension. The CAVC determined that the Board failed to provide Wilson with thorough medical and psychiatric examinations, failed in its duty to assist, and failed to comply with the court’s previous remand order. The CAVC remanded for further proceedings. Wilson appealed the CAVC’s decision to this court.
The Secretary argues that this court lacks jurisdiction because the CAVC’s decision was not final and does not meet the standard for appealability of nonfinal decisions set forth in Williams v. Principi, 275 F.3d 1361 (Fed.Cir.2002). We agree.
This court generally does not review nonfinal decisions of the Court of Appeals for Veterans Claims. Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
Here, inter aha, the CAVC did not decide legal issues adversely to Williams. Because the requirements of Williams are not satisfied, the decision is not final for the purposes of our review. Thus, we dismiss the appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted.
(2) Each side shall bear its own costs.