NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7060

ROGELIO C. GOMEZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Rogelio C. Gomez, of Royse City, Texas, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffery S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7060

ROGELIO C. GOMEZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1930, Judge Lawrence B. Hagel.

_____

DECIDED: May 8, 2007

_____

Before MAYER, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Rogelio C. Gomez appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed-in-part the Board of Veterans Appeals' ("Board's") March 10, 2006 decision denying Mr. Gomez entitlement to (1) an initial disability rating in excess of 40% for degenerative joint disease of the lumbar spine and sacroiliac joints ("back condition"); (2) an increased disability rating in excess of 10% for degenerative joint disease of the right elbow with olecranon bursitis ("right elbow condition"); (3) a compensable disability rating for bilateral hearing loss,

currently rated at 0% disabling; (4) a compensable disability rating for degenerative joint disease of the left forefoot with hallux valgus and strain ("left foot condition"), currently rated at 0% disabling; and (5) service connection for seventeen other various conditions.[1] Gomez v. Mansfield, No. 06-1930 (Vet. App. Dec. 10, 2007). Because the Board failed to provide adequate reasons for its denial of a disability rating in excess of 40% for Mr. Gomez's back condition, the court remanded that aspect of the appeal for reconsideration by the Board. The court affirmed the Board's decision in all other respects. We affirm.

DISCUSSION

I.

The relevant facts are thoroughly recited in the decisions of the Board and Veterans Court. Mr. Gomez served in the United States Army from April 1982 to April 2002. He underwent a physical examination in September 2001 in connection with his retirement, where he reported experiencing several medical conditions during his period of service. He also filed a claim for Department of Veterans Affairs ("VA") compensation in September 2001 for numerous conditions, citing his September 2001 physical examination.

In May 2002, a VA regional office ("RO") awarded Mr. Gomez service connection for his (1) back condition, rated at 20% disabling; (2) right elbow condition, rated at 10% disabling; and (3) hypertension, tinnitus, bilateral hearing loss, and left foot condition,

---

[1] The "seventeen conditions" for which Mr. Gomez sought service connection were plantar wart, right foot; rib pain; gallbladder pain; first metatarsal synovial pain, left; sore throat; left wrist swelling; dysthymia; sinus bradycardia; chest pain; flu; right knee disorder; left knee disorder; venereal wart; poison ivy rash, urticaria, rash; trapezius muscle strain; lower right leg swelling; and a boil, right thigh.

each rated at 0% disabling. In July 2003, Mr. Gomez appealed to the Board, challenging only the Board's denial of a rating in excess of 20% for his back condition and the Board's assignment of a noncompensable rating for tinnitus and hypertension.

In August 2003, the VA sent Mr. Gomez a "notice" letter explaining the evidence necessarily to establish his claims, informing him of the evidence that the VA had in its possession, informing him of the evidence the VA was responsible for obtaining on his behalf, and requesting that he send any additional records related to his claims. Mr. Gomez responded in an October 2003 letter, wherein he made arguments relating to previous claims and, in addition, raised new claims (including claims for service connection for the "seventeen conditions"). Also in October 2003, he underwent numerous VA examinations, including an audiological examination, a general medical examination, and an orthopedic examination. The VA sent Mr. Gomez a second "notice" letter in November 2003 concerning the new claims he raised in his October 2003 letter.

In April 2004, the RO issued a decision essentially affirming its prior decision, as well as denying Mr. Gomez's new claims. Mr. Gomez filed a Notice of Disagreement with the RO's second decision, arguing in particular that each of the conditions he raised in his October 2003 letter was presumptively service connected. Thereafter, he underwent multiple additional VA examinations in August 2004 and February 2005.

In March 2006, the Board issued its decision on appeal. The Board first concluded that the VA had fulfilled its duties to notify and assist. The Board increased the rating for Mr. Gomez's back condition to 40%, but it found that a higher rating for that condition was not warranted. The Board also determined that Mr. Gomez was not

entitled to increased disability ratings for his right elbow condition (rated at 10%), left foot condition (rated at 0%), or bilateral hearing loss (rated at 0%). Finally, the Board denied service connection for the "seventeen conditions," finding that Mr. Gomez was not currently experiencing a disability as a result of any of those conditions.

Mr. Gomez appealed to the Veterans Court, which issued a decision on December 10, 2007. After reviewing the record, the court determined that the VA had met its duties to notify and assist Mr. Gomez. Gomez, slip op. at 9. Next, the court addressed Mr. Gomez's claim for an increased disability rating, in excess of 40%, for his back condition. The court concluded that the Board had failed to fully discuss all of the medical evidence relating to Mr. Gomez's back condition and, accordingly, remanded that aspect of the appeal for reconsideration by the Board. Id. at 11. The court determined that the Board had not erred in denying increased ratings for Mr. Gomez's right elbow condition, left foot condition, and bilateral hearing loss. Id. at 12–14.

Finally, the court reviewed the Board's denial of service connection for the "seventeen conditions." Mr. Gomez argued to the Veterans Court that his medical records showed that the conditions existed during his service in the military and, further, that the conditions were connected to his service. The court noted, however, that service connection requires a medical diagnosis that the veteran is currently experiencing a disability. Id. at 14–15. The court concluded that the Board's factual finding that the evidence did not establish a medical diagnosis of current disability associated with the "seventeen conditions" was not clearly erroneous. Id. at 17. Further, because there was no such evidence of current disability, the court determined

that Mr. Gomez was not entitled to receive additional medical examination for the "seventeen conditions." Id.

## II.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

Mr. Gomez's appeal raises a number of issues that involve determinations of fact or law as applied to fact. This includes his arguments that the Veteran's Court erred in affirming (1) the Board's determination that the VA fulfilled its duties to notify and assist under 38 C.F.R. § 3.159; (2) its decision not to apply the "benefit of the doubt" doctrine under 38 C.F.R. § 3.102;[2] (3) its denial of service connection for the "seventeen conditions" he experienced during service;[3] and (4) its conclusion, based upon the record, that an additional medical examination was not required in order to resolve Mr. Gomez's claim for service connection of the "seventeen conditions." The Veterans

---

[2]     The "benefit of the doubt" required by 38 C.F.R. § 3.102 is premised upon a factual finding that a "reasonable doubt" exists with respect to the evidence. A reasonable doubt exists when there is "an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim." 38 C.F.R. § 3.102.

[3]     As the Veterans Court explained, the Board's denial of service connection for the "seventeen conditions" was based upon a factual finding that the evidence did not show that Mr. Gomez was experiencing a disability attributable to any of those conditions.

Court resolved each of these issues by reviewing the Board's findings of fact or law as applied to fact. Therefore, those issues are beyond the jurisdiction that we possess under 38 U.S.C. § 7292.

Mr. Gomez also argues on appeal that the Veterans Court erred in affirming the Board's assigned rating for his back condition. According to Mr. Gomez, the court failed to consider (1) the recommendation by a VA physician that he be scheduled for back surgery and (2) certain evidence demonstrating that his injury has increased in severity. We note, however, that the issue of whether Mr. Gomez is entitled to a higher disability rating for his back condition has been remanded to the Board for further consideration. Because the Veterans Court has not issued a final decision on that issue, we decline to address it here. See Williams v. Principi, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002) (noting that, for prudential reasons, "[t]his court typically will not review remand orders by the Court of Appeals for Veterans Claims 'because they are not final judgments.'" (citation omitted)).

In addition, Mr. Gomez contends that the Veterans Court erred in affirming the Board's rating of his bilateral hearing loss at 0% disabling. Specifically, he contends (1) that the Veterans Court and Board erroneously rated his hearing loss according to 38 C.F.R. § 4.85 instead of 38 C.F.R. § 4.86 and (2) that the court failed to explicitly restate the level of hearing loss, in decibels, that the Board determined he sustained. To the extent that these arguments present legal issues, we conclude that the Veterans Court did not err. We are satisfied that the Veterans Court and Board applied the correct regulation. In addition, we do not think that the court was required to explicitly incorporate into its opinion each and every factual finding made by the Board. The

court clearly referenced the Board's factual findings with respect to Mr. Gomez's hearing loss and concluded that they were not clearly erroneous.

Finally, Mr. Gomez makes several allegations with respect to the contents of the record at various stages of the proceedings relating to his claims. He argues that there was no verification that all of the evidence on which the RO relied was forwarded to the Board, and that all of the evidence on which the Board relied was forwarded to the Veterans Court. According to Mr. Gomez, the RO had the "motive and opportunity" to "prejudicially select[]" and forward only that evidence which was adverse to his claims. Mr. Gomez, however, does not identify any relevant evidence in particular that was not transferred from the RO to the Board, or from the Board to the Veterans Court. By statute, review in the Veterans Court must be based upon the record of proceedings before the RO and Board. 38 U.S.C. § 7252(b). Without more, Mr. Gomez's contentions to the contrary amount to nothing more than speculation.

We have considered Mr. Gomez's remaining arguments and find them to be without merit. [4] We therefore affirm the decision of the Veterans Court.

---

[4] In particular, Mr. Gomez vaguely mentions several new arguments in his reply brief. Although we do not normally consider arguments raised for the first time in a reply brief, we are satisfied that those arguments either present issues beyond our jurisdiction or otherwise lack merit.