NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMY DEAN BALDWIN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7147

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-4306, Judge Kenneth B. Kramer.

---

## ON MOTION

---

Before RADER, *Chief Judge*, NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Jimmy Dean Baldwin's appeal. Baldwin opposes.

Baldwin appealed to the United States Court of Appeals for Veterans Claims, challenging a decision of the Board of Veterans' Appeals that denied his request to reopen a previously denied service-connection claim for a chronic foot condition. The Court of Appeals for Veterans Claims vacated the Board's decision and remanded the matter for readjudication. Baldwin appealed.

The Secretary argues that this court lacks jurisdiction because the Court of Appeals for Veterans Claims decision was not final and does not meet the standard for appealability of nonfinal decisions set forth in *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). We agree.

This court generally does not review nonfinal decisions of the Court of Appeals for Veterans Claims. Departure from this rule is justified only if three conditions are fulfilled:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* at 1364 (footnotes omitted).

Because the requirements of *Williams* are not satisfied, the renewed order is not sufficiently final for the

purposes of our review. If the Court of Appeals for Veterans Claims issues an adverse final decision at a later date, Baldwin may thereafter appeal that decision to this court. Thus, we dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted.

(2) Each side shall bear its own costs.

FOR THE COURT

APR 0 5 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Jimmy Dean Baldwin
     Richard P. Schroeder, Esq.

s20

Issued As A Mandate:  APR 0 5 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 5 2011

JAN HORBALY
CLERK