NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDRICK B. NORFLEET,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2260

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6038, Judge Joseph L. Falvey Jr.

---

Decided:  March 8, 2022

---

FREDRICK NORFLEET, Memphis, TN, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Fredrick B. Norfleet appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") that set aside and remanded part of a Board of Veterans' Appeals ("the Board") decision that denied service connection for sleep apnea and dismissed the remainder of the appeal. *Norfleet v. McDonough*, No. 20-6038, 2021 WL 3185607 (Vet. App. July 28, 2021) ("*Decision*"). For the reasons detailed below, we *dismiss* Norfleet's appeal for lack of jurisdiction.

## BACKGROUND

Norfleet served on active duty from February 1991 to October 1994. In November 2012, a Department of Veterans Affairs ("VA") regional office ("RO") denied Norfleet's claims for service connection for sleep apnea and a headache condition. In January 2014, the RO issued a Statement of the Case, which continued to deny service connection for sleep apnea and the headache condition. In April 2015, the RO issued a Supplemental Statement of the Case ("SSOC"), which continued to deny Norfleet's claims. The RO also adjudicated a claim for total disability due to individual unemployability ("TDIU") based on service-connected disability. In April 2020, the RO issued another SSOC, continuing to deny the claims for service connection for sleep apnea, headaches, and TDIU. Norfleet appealed these holdings to the Board.

The Board granted service connection for Norfleet's headache disability but denied service connection for his sleep apnea claim. The Board found that a decision on Norfleet's TDIU claim would be premature because it was inextricably intertwined with Norfleet's claim that he was unemployable in other pending appeals relating to service-

connected pseudofolliculitis barbae and depressive disorder. The Board remanded the TDIU issue for readjudication, subject to action by the RO on the appealed disability rating claims and the assignment of an initial disability rating for the headache disability. Norfleet appealed the Board's decision to the Veterans Court.

The Veterans Court determined that the VA failed to satisfy its duty to assist with respect to the sleep apnea claim. The court found that the medical examination report on which the Board relied failed to address Norfleet's multiple statements regarding his in-service symptoms and did not provide rationale in support of the examiner's conclusion that Norfleet's sleep apnea was not related to service. The court reversed the Board's decision and remanded the sleep apnea claim for the Board to obtain an adequate medical examination. The court held that it lacked jurisdiction to address the remaining issues concerning the appropriate disability rating and effective date for Norfleet's sleep apnea because these downstream issues had not been the subject of a final Board decision. The court also held that it lacked jurisdiction to review Norfleet's arguments concerning the appropriate disability rating for his headache disability because the appropriate compensation must first be decided by the RO.

Turning to the TDIU claim, the Veterans Court noted that the Board remanded the claim because it was inextricably intertwined with a pending appeal of the disability ratings assigned to other service-connected disabilities. Because these pending rating decisions would be relevant to a decision on the TDIU claim, the court agreed with the Board that a decision on the TDIU claim prior to resolution of the rating decisions would be premature. In the absence of a final Board decision on the TDIU claim, the court found that it lacked jurisdiction to hear this claim.

The Veterans Court also rejected Norfleet's remaining arguments that the Secretary erred in failing to provide

him with paper copies of his record.  The Secretary gave Norfleet a disc copy.  The court concluded that Norfleet had not demonstrated that providing an electronic record resulted in prejudicial error.  The court also noted that Norfleet could obtain a paper copy by submitting a written request.  Lastly, the court rejected Norfleet's request to include his informal reply brief as part of the record of proceedings.  The court explained that review must be based on the record of proceedings before the Board, and because Norfleet's informal reply brief was not part of the record before the Board, that document could not be included in the record of proceedings.

In August 2021, Norfleet filed a motion for reconsideration that the Veterans Court subsequently denied.  Norfleet then filed the present notice of appeal to this court.  We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited.  We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision.  38 U.S.C. § 7292(a).  However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case.  *Id.* § 7292(d)(2).

We generally decline to review decisions of the Veterans Court that are not sufficiently final, regardless whether a legal issue is presented.  *See Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002).  This includes review of Veterans Court remand orders, "because they are not final judgments."  *Id.* at 1364 (internal quotation marks omitted).  The finality requirement "serves the important purpose of promoting efficient judicial administration" and "serves to avoid unnecessary piecemeal appellate review

without precluding later appellate review of the legal is-
sue." *Id.*

A limited exception to the "strict rule of finality" exists
when a decision remanding a case to an administrative
agency renders an important legal question effectively un-
reviewable later in the litigation. *Id.* More specifically,
this exception applies only if the following three conditions
are satisfied:

> (1) there must have been a clear and final decision
> of a legal issue that (a) is separate from the remand
> proceedings, (b) will directly govern the remand
> proceedings or, (c) if reversed by this court, would
> render the remand proceedings unnecessary; (2)
> the resolution of the legal issues must adversely af-
> fect the party seeking review; and, (3) there must
> be a substantial risk that the decision would not
> survive a remand, i.e., that the remand proceeding
> may moot the issue.

*Id.* (footnotes omitted).

Norfleet argues that the Veterans Court's decision
should be reversed or set aside and he should be awarded
a total and permanent disability rating with an effective
date of October 25, 1994. To support his argument, Nor-
fleet describes his sleep apnea symptomology.

The government responds that we lack jurisdiction to
review the Veterans Court's application of 38 U.S.C.
§ 5103A, an uncontested legal standard, to the facts of Nor-
fleet's case. The government adds that the Veterans
Court's decision remanding Norfleet's sleep apnea claim to
the Board for additional adjudication is non-final and Nor-
fleet has not asserted that an exception to the rule of final-
ity applies.

We agree with the government. As previously ex-
plained, we cannot review challenges to the application of
a law or regulation to the facts of a case. § 7292(d)(2).

Here, the Veterans Court applied a law to the facts of a case. Specifically, the court remanded Norfleet's sleep apnea claim because the Board erroneously determined that the VA had satisfied its obligation pursuant to § 5103A to conduct an adequate medical examination. We lack jurisdiction to review the Veterans Court's application of this legal standard to the facts of Norfleet's case.

In addition, the Veterans Court's decision remanding the sleep apnea claim to the Board is non-final and no exceptions to the rule of finality apply here. First, there has been no "clear and final decision" on a legal issue—the Veterans Court merely remanded the sleep apnea claim for further development and readjudication. Second, Norfleet has not shown that he was adversely affected by the Veterans Court's decision. Last, Norfleet has not shown that any issue he seeks to raise would escape review following remand.

Furthermore, as the Veterans Court explained, the appropriate compensation level for Norfleet's sleep apnea is not ripe for judicial review because service connection has not yet been established for this disability. *See Decision* at *2 ("But the Court lacks jurisdiction to address these arguments because our authority to review Board determinations extends only to final Board decisions . . . and the Board has not yet adjudicated those downstream issues.").

Because we lack jurisdiction to review whether § 5103A was improperly applied to the facts of Norfleet's case and because the Veterans Court's decision remanding Norfleet's sleep apnea claim is non-final, we dismiss Norfleet's appeal.

## CONCLUSION

We have considered Norfleet's remaining arguments, but we find them unpersuasive. For the foregoing reasons, we *dismiss* his appeal.

## DISMISSED

NORFLEET v. MCDONOUGH                                                   7

COSTS

No costs.