BRYSON, Circuit Judge.

ORDER

Larry L. Pelegrini moves to dismiss the Secretary of Veterans Affairs’ appeal of the decision of the Court of Appeals for Veterans Claims, Pelegrini v. Principi 18 Vet.App. 112 (2004). The Secretary opposes. Pelegrini replies.
In the decision on appeal, the Court of Appeals for Veterans Claims vacated the Board of Veterans’ Appeals decision at issue and remanded, citing several grounds. As an initial matter, the Court of Appeals for Veterans Claims concluded that the notice provided to Pelegrini in earlier proceedings was deficient under the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat. 2096, and stated that it could not “presently conclude that the notice deficiency in this case is nonprejudicial to the appellant.” The Court of Appeals for Veterans Claims concluded that remand on this ground was warranted, noting that additional fact finding on the issue might be required and “it is preferable for the Board to make [those findings] in the first instance.” However, the Court of Appeals for Veterans Claims further stated: “Morever, as explained ... below, remand in this case is required on another basis. Given this other basis for remand, even were the Court to determine that the notice deficiency here is nonprejudicial, any such determination could not lead to an affirmance of the Board decision on appeal. ” (Emphasis added.)
As an additional basis for remand, the Court of Appeals for Veterans Claims’ concluded:
[I]n view of the intervening liberalizing regulation that in 1994 added ‘[r]espiratory cancers’ to the § 3.309(e) list of presumptively service-connected diseases, the Court holds that, the Board improperly adjudicated the appellant’s claim as a claim to reopen, rather than as an original claim (as had the RO), and that the Board decision must be vacated on this ground as well; on remand, the Board must thus develop and readjudicate the appellant’s claim accordingly.
On appeal, the Secretary asserts that this court should review whether the Court *995 of Appeals for Veterans Claims misinterpreted the notice requirements and the rule of prejudicial error by, among other things, “placing the initial burden with the Secretary.” We do not agree with the Secretary that the order is appealable. This court generally refuses to review non-final decisions of the Court of Appeals for Veterans Claims. Williams v. Principi 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
The Secretary’s argument fails to satisfy part (l)(c) of the Williams criteria. As noted by Court of Appeals for Veterans Claims, even absent a finding of prejudicial error, remand would be required on another ground. See also, Ivers, J. (concurring in part and dissenting in part) (“Since the proper remedy for the failure to adjudicate the appellant’s claim as a new one is remand, there is no need to analyze and discuss any other error that would result in a remedy no greater than remand.”).
Under these circumstances, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Pelegrini’s motion to dismiss is granted.
(2) Each side shall bear its own costs.