NEWMAN, Circuit Judge.

ORDER

Ernest J. Wright moves to dismiss the Secretary of Veterans Affairs’ appeal of the decision of the Court of Appeals for Veterans Claims, Wright v. Nicholson, No. 03-1740 (Vet.App. Feb. 25, 2005). The Secretary opposes.
In the decision on appeal, the Court of Appeals for Veterans Claims vacated the Board of Veterans’ Appeals decision at issue and remanded, on two grounds. First, the Court of Appeals for Veterans Claims concluded that the notice provided to Wright in earlier proceedings was deficient under the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096, and stated that it could not “conclude that any such error was nonprejudicial.” As a second basis for remand, the Court of Appeals for Veterans Claims concluded that the Board failed to ensure compliance with a 1999 set of remand instructions directing the regional office to obtain all of Wright’s medical records from a certain facility beginning in 1986.
On appeal, the Secretary asserts that this court should review whether the Court of Appeals for Veterans Claims misinterpreted the notice requirements and the rule of prejudicial error, ie., whether the remand based on the first ground was proper. We do not agree, however, with the Secretary that the order is appealable. This court generally refuses to review non-final decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
The Secretary’s argument fails to satisfy part (l)(c) of the Williams criteria. Even if we agreed with the Secretary that a remand was not necessary based on the first ground, remand would be required on the second ground, ie., to address the Board’s failure to ensure compliance with a prior remand order. Under these circumstances, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
*352 (1) Wright’s motion to dismiss is granted.
(2) Each side shall bear its own costs.
(3) All remaining motions are moot