NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7079, -7084

WILLIE E. TURNER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2827, Judge Donald L. Ivers.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

## ORDER

Willie E. Turner responds to the court's order directing him to show cause why his appeal should not be dismissed as untimely. The Secretary of Veterans Affairs moves to dismiss Turner's appeals. Turner opposes.

The Board of Veterans' Appeals denied Turner's application to reopen claims for service connection for a lumbar spine condition and chronic myalgia in his right hip. Before the United States Court of Appeals for Veterans Claims, the Secretary conceded that the Board had not ensured compliance with the duty to assist and requested that the Board decision be vacated and the case remanded. On January 5, 2009, the Court of Appeals for Veterans Claims agreed with the Secretary and vacated the Board

decision and remanded the case to allow the Board to seek to obtain records identified by Turner in support of his case. Turner filed two notices of appeal seeking review of that decision. The first notice of appeal, 2009-7084, was filed directly with the United States Court of Appeals for the Ninth Circuit and the second, 2009-7079, was filed with the clerk of the United States Court of Appeals for Veterans Claims and transmitted to this court in the usual course.

The Secretary argues that Turner's appeal should be dismissed because it is untimely and because Turner seeks review of a nonfinal remand order that is not appealable pursuant to Williams v. Principi, 275 F.3d 1361 (Fed. Cir. 2002). Turner asserts that he timely filed his appeal.

A notice of appeal of a judgment of the Court of Appeals for Veterans Claims must be filed within 60 days of entry of judgment in order to be timely. See 38 U.S.C. § 7292(a); Fed. R. App. P. 4(a)(1). The time limit for filing a notice of appeal is jurisdictional, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.' " (citation omitted)), and may not be waived, Oja v. Army, 405 F.3d 1349, 1358 (Fed. Cir. 2005) (time provisions of Fed. R. App. P. 4(a) are not subject to equitable tolling).

The notice of appeal in 2009-7079 was filed on March 13, 2009, 67 days after entry of judgment. Thus, it is untimely and must be dismissed. The timeliness of appeal no. 2009-7084 is less clear. Turner submits United States Postal Service correspondence and a receipt showing that a package he sent to the Ninth Circuit was delivered on March 5, 2009. The notice of appeal is stamped with a "received" date of

March 6, 2009. If the notice of appeal was filed on either of those dates, it would be timely. However, the appeal was docketed as having been filed on March 11, 2009, more than 60 days after entry of judgment. Thus, there is conflicting evidence about the filing date of this appeal. We need not decide whether appeal no. 2009-7084 is timely, however, because in any event, in both appeals Turner seeks review of a nonfinal remand and thus we dismiss.

"This court typically will not review remand orders by the Court of Appeals for Veterans Claims 'because they are not final judgments.'" Williams, 275 F.3d at 1364 (citation omitted). We will review remand orders of the Court of Appeals for Veterans Claims "only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand." Id.

In this case, the criteria set forth in Williams are not met. The January 5 decision of the Court of Appeals for Veterans Claims does not finally resolve any legal issues that are separate from the remand proceedings, that will govern the remand proceedings, or that would, if reversed, render the remand proceedings unnecessary. Thus, we must dismiss. In the event that, on remand, Turner does not prevail before the Board and the Court of Appeals for Veterans Claims, he may file a new notice of appeal in the Court of Appeals for Veterans Claims seeking review of that court's final judgment.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motion to dismiss is granted.  The appeals are dismissed.

(2)    All pending motions are moot.

(3)    Each side shall bear its own costs.

FOR THE COURT

AUG 1 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Willie E. Turner
       Michael N. O'Connell, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2009

JAN HORBALY
CLERK

2009-7079, -7084                4