NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT BAKER, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7040

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 08-195, Chief Judge Bruce E. Kasold.

---

Decided: March 11, 2011

---

GILBERT BAKER, JR., of Jackson, Mississippi, pro se.

MICHAEL S. MACKO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the

brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and KRISTIANA M. BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, CLEVENGER, and LINN, *Circuit Judges*

PER CURIAM.

Gilbert Baker, Jr. ("Baker") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming in part, setting aside in part, and remanding for further adjudication a November 16, 2007, decision of the Board of Veterans Appeals ("the Board"). *See Baker v. Shinseki*, No. 08-195, (Vet. App. Sept. 28, 2010) ("*Decision*"). For the following reasons, this court affirms in part and dismisses in part.

BACKGROUND

Baker served in the United States Army from 1965 to 1968. The procedural history of this case is long, complicated, and mostly irrelevant to this appeal. What is pertinent here is that sometime after his service, Baker filed claims for service-connected disability benefits with a Department of Veterans Affairs regional office ("RO") for a variety of medical conditions: (1) asthma; (2) ulcers; (3) emphysema; (4) bilateral leg condition; (5) bilateral ankle condition; (6) psychiatric condition; (7) sarcoidosis; and (8) hemorrhoids.

On August 14, 2003, the RO denied service connection for the first six conditions listed above, but did not address Baker's two remaining claims (sarcoidosis and hemorrhoids). Baker appealed to the Board of Veterans' Appeals ("Board"), which denied benefits for all six conditions addressed in the RO decision. For each of these

conditions, the Board found that Baker's medical records first showed evidence of the condition (or worsening of the condition) subsequent to Baker's service and that no competent medical evidence had shown a relationship between his current conditions and an in-service injury or disease. The Board remanded the two conditions not addressed by the RO for further development and adjudication because the RO had not sufficiently addressed Baker's pending disagreements on those issues.

On appeal, the Veterans Court held that it lacked jurisdiction to assess Baker's claims relating to sarcoidosis and hemorrhoids because those claims had been remanded to the RO and therefore the court had no final decision to consider. Next, the court affirmed the Board's decision denying benefits for emphysema finding that the Board's conclusions on that issue were not erroneous. Finally, the Veterans Court remanded the remaining five issues (asthma, ulcers, bilateral leg disorder, bilateral ankle disorder, and psychiatric condition) to the Board for further adjudication because the Board failed to discuss all the relevant laws and regulations and failed to address certain medical evidence in the record related to those conditions.

Baker timely appealed the Veterans Court's decision. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38

U.S.C. § 7292(d)(2). In other words, this court generally has no jurisdiction to review challenges to the Board's factual determinations. *See*, *e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

In his informal brief, Baker recites his medical history and contends that he submitted sufficient evidence to show he is entitled to service-connected disability benefits for all of his eight claims.

With respect to Baker's claims of sarcoidosis and hemorrhoids, we affirm the Veterans Court's dismissal for lack of jurisdiction. Section 7252 confers jurisdiction to the Veterans Court over *final* Board decisions. *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000). The Veterans Court does not have jurisdiction to consider any issue on which the Board has not rendered a decision. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). Since the Board's remand of these two issues was not a decision under § 7252, the Veterans Court properly dismissed for lack of jurisdiction.

Similarly, this court generally reviews only final decisions of the Veterans Court. *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). And we depart from that rule only under various exceptional conditions not present here. *Id.* In fact, Baker effectively won his case at the Veterans Court with respect to his claims of service connection for five of his claims because that court set aside the Board's decisions rejecting those claims and remanded them for further adjudication. *See Decision* at 2-4. This remand gives Baker another chance to receive the outcome he desires. Thus, this court dismisses Baker's claims regarding service connection for asthma, ulcers, bilateral leg disorder, bilateral ankle disorder, and psychiatric disorder because the Veterans Court's remand is not sufficiently final for purposes of our review.

The Veterans Court did make a final decision on Baker's remaining claim of service connection for emphysema by affirming the Board's denial of benefits. The Veterans Court reviewed the Board's factual findings and the evidence of record and found that Baker did not demonstrate error in the Board's denial. *Decision* at 4. In his informal brief, Baker reasserts the medical history behind this claim and argues that there is substantial evidence for a finding of service connection. To review this issue, this court would have to reexamine the record evidence, determine whether the Board's factual conclusions were correct, and determine whether the Board correctly applied the laws pertaining to service-connected disability to those facts. These determinations are not within this court's jurisdiction. 38 U.S.C. § 7292(d)(2). Thus, we must dismiss Baker's claim of service connection for emphysema for lack of jurisdiction.

Finally, Baker alleges that at least one of the claims filed with the RO was fraudulent in that it was stamped as received by the Houston, Texas RO instead of the Mississippi RO, the RO where he purportedly filed the claim. Apparently, Baker believes that his claims were denied as unsupported solely because the "fraudulent" claim did not include all the supporting evidence included with his "true claim." Neither the Veterans Court opinion nor the government's response brief addresses this alleged discrepancy. Since the Veterans Court remanded most of Baker's issues to the Board for consideration of all the record evidence, regardless of when or where it was submitted, Baker's allegation of fraud is irrelevant to this appeal. Even if it were germane, review of this allegation would require this court to examine evidence for the first time on appeal. This court, however, "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Thus, Baker's claim of

fraud does not present a question that this court has jurisdiction to review.

CONCLUSION

This court affirms the Veterans Court's determination that it lacked jurisdiction to review Baker's claims of service connection for sarcoidosis and hemorrhoids. This court dismisses Baker's claim for service connection for emphysema for lack of jurisdiction and dismisses Baker's remaining claims because the Veterans Court's remand order is not sufficiently final for purposes of review. The appeal is therefore affirmed in part and dismissed in part.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

Each party shall bear its own costs.