NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAWRENCE E. WOZNICK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2022-2226

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7181, Judge Coral Wong Pietsch.

_____

Decided: June 9, 2023

_____

LAWRENCE E. WOZNICK, Mogadore, OH, pro se.

LAURA OFFENBACHER ARADI, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Lawrence E. Woznick appeals a decision of the United States Court of Appeals for Veterans Claims vacating the Board of Veterans' Appeals' denial of entitlement to a higher level of special monthly compensation (SMC) and remanding for the Board to consider whether he is entitled to a higher SMC. Because we do not have jurisdiction to hear Mr. Woznick's appeal, we *dismiss*.

## BACKGROUND

Mr. Woznick served in the Marine Corps from July 1969 to July 1972. As of June 2020, the Board awarded Mr. Woznick SMC under 38 U.S.C. § 1114(l) and separately under § 1114(s) based on his 60% disability rating for prostatitis and his 100% disability rating for PTSD. The Board denied, however, Mr. Woznick's request for higher SMC under § 1114(r) because it found he did not meet the requisite criteria under § 1114(o) or qualify for the intermediate rate between § 1114(n) and (o) plus the rating under § 1114(k). App'x 116–17. Specifically, the Board found that his disabilities do not combine to a SMC rate higher than § 1114(l). App'x 117.

Mr. Woznick appealed to the Veterans Court. The Veterans Court determined the Board's denial of SMC under § 1114(r) was erroneous because the Board did not adequately explain why Mr. Woznick did not satisfy the requirements under § 1114(o), including whether he was entitled to a higher rating under § 1114(o) based on two or more ratings under § 1114(l). App'x 5. Regarding the Board's award under § 1114(l), the Veterans Court determined it was unclear whether the Board's award was based on a combination of Mr. Woznick's PTSD and prostatitis disabilities or whether each disability rating would independently qualify for SMC under § 1114(l).

App'x 5.  Finally, the Veterans Court declined to reverse the Board's decision because the Board did not consider whether Mr. Woznick's conditions satisfied other requirements under § 1114(r).  App'x 5.  As a result, the Veterans Court held it could not make the factual findings necessary to determine whether Mr. Woznick qualified for heightened SMC and accordingly remanded for the Board to make those findings in the first instance.  App'x 6.  Mr. Woznick appeals.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited.  Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

On appeal, Mr. Woznick argues the Veterans Court erred in declining to award him a higher-rated SMC because he has two separate claims based on separate disabilities that the Board improperly combined, resulting in compensation at a lower rate than he is entitled to under § 1114(r).  Appellant's Informal Br. at 2.  Mr. Woznick's arguments challenge only the Board's determination that he is not entitled to a higher SMC rating because he does meet the factual predicates for that rating.  Because we lack jurisdiction to review "a challenge to a law or regulation as applied to the facts," 38 U.S.C. § 7292(d)(2), we do have not have jurisdiction over Mr. Woznick's appeal.  Moreover, the Veterans Court's remand order is not a final order and the narrow criteria justifying review of an interlocutory order are not present in this case.  *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).  The question of whether

Mr. Woznick qualifies for a higher SMC rating is properly back before the Board. Because we lack jurisdiction, we dismiss Mr. Woznick's appeal.

## DISMISSED

COSTS

No costs.