NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM D. COWAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2227

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6227, Judge Joseph L. Falvey, Jr, Judge Joseph L. Toth, Judge Michael P. Allen.

---

Decided:  April 8, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC P. BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by SOSUN BAE, BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN,

ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, MAYER, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

William D. Cowan appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which remanded in part Mr. Cowan's case to the Board of Veterans' Appeals for further consideration. *See Cowan v. McDonough*, 35 Vet. App. 232, 249 (2022). We generally decline to review a decision by the Veterans Court that remands a case because such a decision is not a final judgment. *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002). We deviate from this rule when the decision at issue meets three narrow requirements. *Id.* The first requirement is a "clear and final decision [from the Veterans Court] of a legal issue that [] is separate from the remand proceedings." *Id.* (internal footnote omitted). Here, Mr. Cowan appeals the portion of the Veterans Court's decision concerning the sufficiency of notice to a veteran required under 38 U.S.C. § 5104. Appellant Br. 14–17. However, the Veterans Court remanded to the Board to further consider whether the Department of Veterans Affairs provided sufficient notice to Mr. Cowan under this statute. *Cowan*, 35 Vet. App. at 244, 249. Thus, because the merits of Mr. Cowan's appeal before this court are intertwined with the issue currently pending on remand before the Board, Mr. Cowan fails to meet the first requirement under *Williams*. Mr. Cowan's case also fails to meet the third requirement of *Williams*, that there is a substantial risk that the Veterans Court's decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364. The same issue will be presented after the remand if Mr. Cowan is unsuccessful. The Veterans Court's decision is thus not

sufficiently final for purposes of our review.  We dismiss the appeal.

**DISMISSED**

Costs

No costs.