NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AARON W. MORRIS,**
*Petitioner*

**v.**

**DOUGLAS A. COLLINS,**
*Respondent*

---

2025-1587

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6038, Chief Judge Margaret Bartley

---

Decided: January 29, 2026

---

AARON W. MORRIS, pro se.

STEVEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington D.C., for respondent-appellee. Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT A. SHUMATE; CHRISTOPHER O. ADELOYE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Aaron W. Morris was awarded service-connected benefits for his post-traumatic stress disorder in a March 2015 rating decision. After a series of appeals and remands regarding effective date and disability ratings, the Veterans Court granted a joint motion for partial remand of an August 2023 Board decision. Mr. Morris was represented by counsel who consented to the joint motion.

Mr. Morris then dismissed his counsel and moved to recall the mandate, arguing that he did not consent to the joint motion being filed. The Veterans Court denied his motion to recall the mandate. Mr. Morris appeals.

Because Mr. Morris forfeited any rights to appeal the Remand Decision, which is a non-final remand order, and the Recall Decision did not decide a separate legal issue from the remand proceedings, we lack jurisdiction and must dismiss.

I

Mr. Morris is a retired veteran of the U.S. Navy. S.A. 22.[1] Mr. Morris served on active duty from July 1970 to July 1972. S.A. 22. After his service, he filed for service-connected disability for his post-traumatic stress disorder.

---

[1] S.A. refers to the Supplemental Appendix attached to the Respondent's Informal Response Brief. Dkt. No. 9. Appx refers to the documents attached to Mr. Morris's brief. Dkt. Nos. 5–6; *see also* Dkt. No. 7 (accepting page 1 of ECF No. 6 as a continuation of Respondent's informal opening brief).

*See* S.A. 22. The Regional Office (RO) granted Mr. Morris's request and assigned him a 100% disability rating, the maximum disability rating, effective February 3, 2014. S.A. 22. In May 2015, Mr. Morris filed a notice of disagreement relating to the effective date of his benefits, arguing that he should have been assigned an effective date of July 2009. S.A. 22. After an appeal to the Board and then to the Veterans Court, which vacated and remanded, the RO granted Mr. Morris an earlier effective date along with staged ratings of 30% from October 6, 2006, and 50% from August 22, 2011, through February 2, 2014. Resp. Br. 3. Mr. Morris appealed the RO's decision to the Board and requested increases to the new disability ratings. S.A. 22. The Board denied Mr. Morris's request on August 23, 2023. and Mr. Morris filed an appeal with the Veterans Court. S.A. 3.

Prior to briefing at the Veterans Court, the parties, through counsel, filed a Joint Motion for Partial Remand (JMPR) on March 28, 2024, because they agreed that the Board did not provide adequate reasoning for denying Mr. Morris's request for increased disability ratings in its August 2023 decision. S.A. 11, 15. On April 2, 2024, the Veterans Court granted the motion, stating that it was the mandate of the court. S.A. 8. On April 11, 2024, Mr. Morris's attorneys filed an application for fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412.

One week later, Mr. Morris directly contacted the Veterans Court and claimed that his counsel accepted the JMPR without his consent. S.A. 3. Accordingly, Mr. Morris asked the court to disregard the motion and expressed that he wished to represent himself moving forward. S.A. 3. The Veterans Court initially returned Mr. Morris's correspondence because he was still represented by counsel, but on May 1, 2024, Mr. Morris's counsel moved to withdraw their appearances. S.A. 3. On June 3, 2023, the Veterans Court filed his correspondence and construed it as a motion to recall mandate; revoke the Court's April 2, 2024, order

granting the parties' JMPR; and withdraw the March 28, 2024, JMPR. S.A. 4.

The Veterans Court denied Mr. Morris's motion, finding that he did not demonstrate that recall was warranted. S.A. 4–5, 7. The Veterans Court held that Mr. Morris was a represented party and accordingly bound by the acts of his counsel. S.A. 5. The Veterans Court also explained that Mr. Morris did not demonstrate any prejudice caused by the remand because it would require the Board to re-adjudicate his PTSD claim across the entire appeal period and account for the new evidence identified in the joint motion. S.A. 6. In October 2024, Mr. Morris moved for reconsideration of the Veterans Court's decision, and in the alternative, for a panel decision. S.A. 1, 12. The Veterans Court granted Mr. Morris's motion for a panel decision, but the panel determined that the single judge order "remain[ed] the decision of the Court." S.A. 1–2. Mr. Morris timely appealed to this court. S.A. 13.

## II

Our jurisdiction to review decisions by the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide challenges to the validity or interpretation of any statute or regulation, and to interpret constitutional and statutory provisions if presented and necessary to the decision. 38 U.S.C. § 7292(c). But absent a legitimate constitutional issue, we cannot review challenges to the Veterans Court's factual determinations or its application of law to fact. 38 U.S.C. § 7292(d)(2); *see also Wanless*, 618 F.3d at 1336.

It is unclear whether Mr. Morris challenges the Veterans Court's April 2, 2024, remand to the Board for additional factual development (the *Remand Decision*) or the Veterans Court's September 13, 2024, denial of his motion to recall the JMPR (the *Recall Decision*). For example, Mr. Morris's informal brief states he is seeking review of

the Veterans Court's September 13, 2024, decision, which is the date of the *Recall Decision*. However, the substance of Mr. Morris's arguments appears to relate to the merits of the *Remand Decision*. We address each of these decisions individually and dismiss Mr. Morris's appeal for lack of jurisdiction.

To the extent that Mr. Morris's appeal centers around a challenge to the merits of the Remand Decision, his argument fails for several reasons. First, Mr. Morris forfeited his appeal rights in the parties' Joint Motion for Partial Remand. S.A. 18–19 ("[T]he parties agree to unequivocally waive further Court review of and any right to appeal the Court's order on this joint motion"); S.A. 8. Further, even if Mr. Morris had not already waived his right to appeal the Remand Decision, any appeal of the Remand Decision would be untimely. *See* 38 U.S.C. § 7292(a) ("[R]eview shall be obtained by filing a notice of appeal with the [Veterans Court] within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts."); 28 U.S.C. § 2107(b) (providing a 60-day time limit to file notice of appeal when one of the parties is the United States). Under Rule 36 of the Veterans Court's Rules of Practice and Procedure, judgment is effective on the date of a court order granting the parties' joint motion to remand a case. Judgment was entered for the Remand Decision on April 2, 2024. S.A. 8. But Mr. Morris did not file the present notice of appeal until March 14, 2025, S.A. 13, which far exceeds the 60-day deadline. Because any appeal of the Veterans Court's Remand Decision is untimely, we lack jurisdiction to review that decision. *See Bowles v. Russell*, 531 U.S. 205, 214 (2007).

Regardless of the waiver and timeliness concerns with Mr. Morris's appeal, the Veterans Court remanded Mr. Morris's case to the Board, and we generally lack jurisdiction to consider appeals from non-final orders. *See Ravin v. McDonough*, 107 F.4th 1357, 1360–61 (Fed. Cir. 2024). Mr. Morris's appeal does not meet any of the *Williams*

conditions for deviating from that rule. *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (describing exceptions to finality rule). The case was remanded so that the Board could provide an adequate decision with its reasons and bases for denying his claim. S.A. 14–20. Mr. Morris provides no explanation as to why a decision here would obviate the need for that remand.

Turning to the Veterans Court's Recall Decision, Mr. Morris's notice of appeal was timely filed as it relates to that decision. However, we lack jurisdiction over his appeal because the Recall Decision decided no legal issue that "is separate from the remand proceedings" under *Williams*. 275 F.3d at 1364. To the extent that the Recall Decision may have decided a separate issue sufficient to meet the *Williams* exception, Mr. Morris's primary argument—that the Recall Decision conflicts with the principles of res judicata—was not addressed by or presented to the Veterans Court. Accordingly, we lack jurisdiction to consider such arguments for the first time on appeal. *Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000).

We have considered Mr. Morris's remaining arguments and find them unpersuasive. Because Mr. Morris forfeited any rights to appeal the Remand Decision, the Remand Decision is not a final order that we have jurisdiction to consider, and the Recall Decision did not decide a separate legal issue from the remand proceedings, the appeal is dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.